UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SUSANNA VEACH,

        Plaintiff,

v.

UNITED STATES TREASURY,

        Defendant.

CASE NO. C17-5351 BHS

ORDER DENYING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT

This matter comes before the Court on Plaintiff Susanna Veach's ("Veach") motion to proceed *in forma pauperis* (Dkt. 1) and proposed complaint (Dkt. 1-1).

On May 10, 2017, Veach filed the instant motion and proposed complaint asserting claims to challenge the constitutionality of ObamaCare and for the treatment she received while filing the motion and complaint. *Id*.

The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a); W.D. Wash. Local Rules LCR 3(b). However, the "privilege of pleading *in forma pauperis* . . . in civil actions for damages should be allowed only in exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986). The court has broad discretion in denying

ORDER - 1

an application to proceed *in forma pauperis*. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963)

A federal court may dismiss *sua sponte* pursuant to Fed. R. Civ. P. 12(b)(6) when it is clear that the plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6) . . . . Such a dismissal may be made without notice where the claimant cannot possibly win relief."). *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307 (1989) (there is little doubt a federal court would have the power to dismiss a frivolous complaint *sua sponte*, even in absence of an express statutory provision). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

In this case, Veach has failed to meet her burden to show that she is unable to pay the filing fee and her claims, as alleged, are frivolous. To support her unfair treatment claim, she alleges that the court clerk at the Seattle federal courthouse refused to accept her filing fee because she wanted to pay in cash. If Veach possesses the funds necessary to pay the filing fee, then she has failed to show indigency. Regarding the merits of her constitutional claim against ObamaCare, it is nothing more than a generalized grievance, and Veach lacks standing to assert this claim. *Novak v. United States*, 795 F.3d 1012, 1018 (9th Cir. 2015) ("Because a generalized grievance is not a particularized injury, a suit alleging only generalized grievances fails for lack of standing."). Regarding her allegations against the adverse treatment she received, Veach fails to name an appropriate party and fails to identify the appropriate statute for actions against agencies of the

federal government.  Therefore, the Court **DENIES** her motion and **DISMISSES** her claims.  The Clerk shall close this case.

**IT IS SO ORDERED**.

Dated this 16th day of May, 2017.

_____
BENJAMIN H. SETTLE
United States District Judge